UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

CASSANDRA A. BIES, *as Administrator of the Estate of Cory Bies*, deceased, and CASSANDRA A. BIES, *Individually*,

                        Plaintiff,

            -against-

COUNTY OF NASSAU,

                      Defendant.

-------------------------------------------------------------------X

For Online Publication Only

FILED
CLERK

6/8/2020 9:38 am

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**ORDER**
17-CV-3354 (JMA) (ARL)

**AZRACK, United States District Judge:**

# BACKGROUND

Plaintiff Cassandra A. Bies, as administrator of the estate of her son, Cory Bies, and in her individual capacity ("Plaintiff"), commenced this action on June 5, 2017 against defendants the County of Nassau ("Nassau") and the Nassau County Probation Department[1] (collectively "Defendants"). (ECF No. 1.)

According to the complaint, Plaintiff's claims arise from events leading up to the passing of her son, Cory, from a drug overdose on June 11, 2016. On June 19, 2013, a jury found Cory guilty of driving while intoxicated. Shortly after the trial, Cory received psychiatric treatment during a three-week-long hospitalization. In the three years that followed, he continued to receive mental health treatment and was hospitalized on multiple occasions. On April 28, 2014, Cory was sentenced to probation, which included conditions related to drug and alcohol consumption. He remained on probation until his death. The complaint details a series of interactions Plaintiff and

---

[1] Upon agreement of the parties, the Nassau County Probation Department was dismissed because it is not a suable entity.

her husband had with the Probation Department before Cory passed away. Plaintiff's claims primarily relate to the Probation Department's purported failure to respond properly to Cory's drug use and violent outbursts against members of his family.

On July 26, 2018, Defendants moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (ECF No. 17.) Following referral of the motion, Magistrate Judge Arlene R. Lindsay issued a Report and Recommendation ("R&R"). (ECF No. 19.) The Court adopted Judge Lindsay's R&R in its entirety, granting Defendants' motion for judgment on the pleadings and granting Plaintiff leave to amend her complaint. (ECF No. 23.)

On April 4, 2019, Plaintiff filed an amended complaint that alleged certain new facts concerning her son's medical treatment history and information she and her husband conveyed to the Probation Department regarding Cory's behavior. (ECF No. 24.) After Plaintiff filed the amended complaint, Nassau filed a request for a pre-motion conference seeking leave to move to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 27.) Plaintiff opposed Nassau's request. (ECF No. 28.) On July 17, 2019, the Court held a pre-motion conference in which the Court informed the parties that their letters would be treated as motions. (ECF No. 30.) Though Plaintiff was afforded the opportunity to supplement her letter, she has not done so. For the reasons set forth below, the Court grants Nassau's motion, dismisses Plaintiff's federal claims with prejudice, and declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

## DISCUSSION

### A. Standard of Review

To survive a motion to dismiss pursuant to Rule 12(b)(6), Plaintiff must allege sufficient facts "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550

U.S. 544, 570 (2007). A claim is facially plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). Mere labels and legal conclusions will not suffice. Twombly, 550 U.S. at 555. The Court accepts the factual allegations set forth in the complaint as true and draws all reasonable inferences in favor of Plaintiff. See Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006).

### B. Federal Claims

Count III of the amended complaint, entitled "Civil Rights Violations," consists of Plaintiff's only federal claims and alleges that Nassau violated 42 U.S.C. §§ 1981, 1983, and 1985 through its "complete and deliberate indifference" to her son's serious medical needs. The Court addresses each in turn.

#### 1. Section 1981

Plaintiff has failed to allege a claim under Section 1981. A plaintiff must allege the following elements for a claim under Section 1981: "(1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., make and enforce contracts, sue and be sued, give evidence, etc.)." Mian v. Donaldson, Lufkin & Jenrette Sec. Corp., 7 F.3d 1085, 1087 (2d Cir. 1993). The Second Circuit has recognized that "[e]ssential to an action under Section 1981 are allegations that the defendants' actions were purposefully discriminatory, and racially motivated." Id. At no point in the amended complaint does Plaintiff allege that her son was a member of a racial minority or that Nassau intended to discriminate against him based on his race. Accordingly, Plaintiff's Section 1981 claim is dismissed.

3

**2. Section 1983**

Plaintiff has also failed to allege a claim under Section 1983. To state a claim under Section 1983, "a plaintiff must allege that (1) the defendant was a state actor, i.e., acting under color of state law, when he committed the violation and (2) the defendant deprived the plaintiff of 'rights, privileges, or immunities secured by the Constitution or law of the United States.'" Milan v. Wertheimer, 808 F.3d 961, 964 (2d Cir. 2015) (quoting Hayut v. State Univ. of N.Y., 352 F.3d 733, 743–44 (2d Cir. 2003)). Plaintiff argues that her son was deprived of his rights under the Eighth Amendment because Nassau acted with deliberate indifference to his serious medical needs.

Plaintiff has failed to plead a viable Section 1983 claim for a violation of the Eighth Amendment. The Supreme Court has long recognized that the "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104–05 (1976). The Court later clarified that this "[a]ffirmative duty to protect arises not from the State's knowledge of the individual's predicament or from its expressions of intent to help him, but from the limitation which it has imposed on his freedom to act on his own behalf." DeShaney v. Winnebago Cty. Dep't of Soc. Servs., 489 U.S. 189, 200 (1989). Although the Supreme Court "did not discuss the responsibility of the government to those not in its custody," other district courts in the Second Circuit have found that those who are not incarcerated or institutionalized cannot bring an Eighth Amendment claim. McGhie v. Main, No. 11-CV-3110, 2011 WL4852268, at *3 (E.D.N.Y. Oct. 12, 2011) (dismissing Eighth Amendment claim of parolee who "was not incarcerated or institutionalized when, as he alleges, he was deprived of necessary psychiatric care" even "[t]hough he was on supervised release, and though the Probation Department had previously been providing him with necessary care" because "he was, upon the cessation of that care, free to find

4

treatment on his own"); see also Centonze v. Munson, No. 19-CV-1017, 2020 WL 730608, at *6 (N.D.N.Y. Feb. 13, 2020) ("At the time that the alleged Eighth Amendment violations occurred in this case, Plaintiff was not incarcerated or institutionalized, having been released from custody. . . As such, Plaintiff's deliberate indifference claims under the Eighth Amendment are dismissed against both Defendants."). Because Plaintiff's son was not incarcerated or institutionalized at the time the alleged Eighth Amendment violation took place, the Court dismisses Plaintiff's Section 1983 claim.

### 3. Section 1985

Plaintiff has likewise failed to allege a claim under Section 1985. To establish a conspiracy under Section 1985, a plaintiff must show: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." Cine SK8, Inc. v. Town of Henrietta, 507 F.3d 778, 791 (2d Cir. 2007). Such a conspiracy "must also be motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." Thomas v. Roach, 165 F.3d 137, 146 (2d Cir. 1999) (internal quotation marks omitted). The amended complaint fails to plead a conspiracy among employees of Nassau and makes no allegation of any class-based, invidious discriminatory animus. Accordingly, Plaintiff's Section 1985 claim is dismissed.

### C. State Law Claims

Having dismissed all of Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. 28 U.S.C. § 1367(a) provides that "the district courts shall have supplemental jurisdiction over all other claims that are

so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, courts "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988). Here, given the absence of any viable federal claims, the interests of judicial economy, convenience, fairness, and comity point the Court toward declining to exercise supplemental jurisdiction over Plaintiff's state law claims. The Court therefore dismisses Plaintiff's state law claims without prejudice.

## CONCLUSION

Based on the foregoing, Nassau's motion to dismiss is GRANTED. Plaintiff's federal claims are dismissed with prejudice and her state law claims are dismissed without prejudice. The Clerk of Court is respectfully directed to enter judgment accordingly and close this case.

**SO ORDERED.**

Dated: June 8, 2020
      Central Islip, New York

                                                                                                             /s/ (JMA)
                                                          JOAN M. AZRACK
                                                          UNITED STATES DISTRICT JUDGE